1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| MELVIN L. JOHNSON, | CASE NO. C24-0934JLR |
| --- | --- |
| Plaintiff, | ORDER |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant. | |

15

## I.   INTRODUCTION

16

17

18

19

20

21

22

Before the court are (1) *pro se* Plaintiff Melvin L. Johnson's complaint against

Defendant United States Department of Veterans Affairs (the "VA") (Compl. (Dkt. # 5));

(2) Magistrate Judge Brian A. Tsuchida's order granting Mr. Johnson's application to

proceed *in forma pauperis* ("IFP") and recommending that the court review the complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 4)); and (3) Mr. Johnson's

motion to appoint counsel (Appoint Mot. (Dkt. # 6)).  The court has considered Mr.

ORDER - 1

1  Johnson's submissions, Magistrate Judge Tsuchida's order, the relevant portions of the

2  record, and the applicable law.  Being fully advised, the court DISMISSES Mr. Johnson's

3  complaint without prejudice and DENIES Mr. Johnson's motion to appoint counsel.

4  **II.   BACKGROUND**

5  This case arises out of Mr. Johnson's work as a Housekeeping Aid at the VA's

6  Puget Sound Health Care System in Seattle, Washington.  (EEOC Dec. (Dkt. # 5-1) at

7  1.)[1]  On July 31, 2020, Mr. Johnson filed an equal employment opportunity ("EEO")

8  complaint alleging that the VA discriminated against him and subjected him to a hostile

9  work environment based on reprisal for prior protected EEO activity when:

10      1.  from January 14, 2020, until January 31, 2020, [Mr. Johnson] was verbally abused and harassed by a coworker (Coworker1);

11      2.  on January 31, 2020, [Mr. Johnson] was physically assaulted by Coworker1, which caused him bodily harm;

12      3.  on April 29, 2020, [Mr. Johnson] was issued a Notice of Proposed Removal from federal service;

13      4.  on May 20, 2020, the [VA] failed to approve [Mr. Johnson's] request for workers' compensation, or words to that effect; and

14      5.  on November 17, 2020, [Mr. Johnson] was issued a Decision on Removal, removing him from federal employment with an effective

15          date of November 21, 2020, prior to which he resigned (constructive discharge).

16  (*Id.* at 1-2.)  On October 30, 2020, the VA dismissed claim 4 for failure to state a claim

17  but accepted the remaining claims for investigation.  (*Id.* at 2.)  The VA "provided [Mr.

18  Johnson] with a copy of [its] report and investigation and notice of his right to request a

19  //

20

---

21  [1] Because Mr. Johnson's complaint contains very little background information (*see generally* Compl.), the court relies on the EEOC decision attached to his complaint to provide necessary context (*see generally* EEOC Dec.).  When reviewing Mr. Johnson's complaint, the court looks only at the allegations contained therein.

22

1   hearing before an EEOC Administrative Judge," but Mr. Johnson did not request a

2   hearing within the allowable time frame.  (*Id.*)  In its final decision, the VA "concluded

3   that [Mr. Johnson] failed to prove that the [VA] subjected him to discrimination or

4   retaliation as alleged."  (*Id.*)  Mr. Johnson appealed to the EEOC.

5       The EEOC affirmed.  (*See id.*)  As to claims 1 through 3, the EEOC "found no

6   evidence to causally connect said claims to [Mr. Johnson's] prior EEO activity."  (*Id.*)

7   The EEOC "found the record revealed there was a tense work relationship between

8   Coworker 1 and [Mr. Johnson], which led to a January 2020 physical altercation between

9   the two, that ultimately led to both being hospitalized."  (*Id.*)  The EEOC agreed with the

10  VA's finding that Mr. Johnson, "while not the initial aggressor, moved beyond

11  self-defense when he admittedly kicked Coworker1 in the face."  (*Id.*)  As to claim 5, the

12  EEOC found that Mr. Johnson "failed to show by a preponderance of the evidence that

13  discriminatory motives prompted the proposed and final removal decision."  (*Id.*)  Mr.

14  Johnson requested reconsideration.

15      On April 4, 2024, the EEOC denied Mr. Johnson's request for reconsideration.

16  (*See generally id.*)  The EEOC noted that its decision was "final, and there is no further

17  right of administrative appeal from the Commission's decision."  (*Id.* at 3.)  The EEOC

18  informed Mr. Johnson that he had "the right to file a civil action in an appropriate United

19  States District Court within ninety (90) calendar days from the date that [he] receive[d]

20  this decision."  (*Id.*)  Furthermore, the EEOC instructed Mr. Johnson that if filed a civil

21  action, he "must name as the defendant in the complaint the person who is the official

22  Agency head or department head, identifying that person by their full name and official

1  title." (*Id.*)  The EEOC warned that "[f]ailure to do so may result in the dismissal of your

2  case in court." (*Id.*)

3      On June 26, 2024, Mr. Johnson filed a motion for leave to proceed *in forma*

4  *pauperis* ("IFP"), attaching his proposed complaint and motion for appointment of

5  counsel.  (*See generally* IFP Mot. (Dkt. # 1).)  Mr. Johnson's complaint alleges that he

6  "was attacked by a V.A. employee," "suffered a broken bone," "lost [his] job," is

7  "stressed out," "fell sick with congestive heart failure," and "left in a hostile work

8  environment."  (Compl. at 5.)  He seeks compensation for his lost job and personal

9  injuries.  (*See id.* at 3, 5.)  Although Mr. Johnson alleges federal question jurisdiction, he

10  does not identify the federal laws the VA purportedly violated.  (*See id.* at 3.)

11      On June 27, 2024, Magistrate Judge Tsuchida granted Mr. Johnson's motion to

12  proceed IFP and "recommend[ed] that the complaint be reviewed under 28 U.S.C.

13  § 915(e)(2)(B)."  (IFP Order.)

14              **III.      ANALYSIS**

15      Below, the court reviews Mr. Johnson's complaint pursuant to 28 U.S.C.

16  § 1915(e)(2) before considering his motion to appoint counsel.[2]

17  **A.      § 1915(e)(2)(B) Review**

18      The court dismisses Mr. Johnson's complaint for failure to (1) name the proper

19  defendant and (2) plausibly allege facts supporting a claim for relief.  Below, the court

20  //

---

21      [2] The court preliminarily determines, based on the EEOC decision, that Mr. Johnson
22  exhausted his remedies.  (*See* EEOC Dec. at 3.)  The court further determines that Mr. Johnson
    timely filed this action within the relevant 90-day window.

ORDER - 4

1 | provides the relevant legal standard under § 1915(e)(2) before turning to Mr. Johnson's

2 | complaint.

3 | Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP

4 | complaints and must dismiss them if "at any time" the court determines that a complaint

5 | fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *Lopez v.*

6 | *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP

7 | proceedings, not just those filed by prisoners).  Because Mr. Johnson is a *pro se* plaintiff,

8 | the court must construe his pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050,

9 | 1055 (9th Cir. 1992).  Nonetheless, his complaint must still contain factual allegations

10 | sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v.*

11 | *Twombly*, 550 U.S. 544, 555 (2007).  Although the pleading standard announced by

12 | Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it

13 | demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

14 | *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring

15 | the plaintiff to "plead[] factual content that allows the court to draw the reasonable

16 | inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P.

17 | 8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the claim

18 | showing that the pleader is entitled to relief").

19 | First, Mr. Johnson fails to state a claim because federal law requires him to name

20 | the head of the VA as the defendant rather than the agency itself.  *See* 42 U.S.C.

21 | § 2000e-16(c) ("[A]n employee . . . if aggrieved by the final disposition of his [EEOC]

22 | complaint, . . . may file a civil action . . . [and] the head of the department, agency, or

1  unit, as appropriate, shall be the defendant."); *Whitbeck v. James*, No. C15-1949RSM,

2  2017 WL 3017540, at *3 (W.D. Wash. July 17, 2017) ("[T]he head of the agency where

3  Ms. Whitbeck worked is the only proper defendant in this case."); *Daniel v. Nicholson*,

4  No. 07-2554-B/V, 2008 WL 444677, at *1 n.1 (W.D. Tenn. Feb. 15, 2008) ("In this case,

5  the proper defendant is the Secretary of the Department of Veterans Affairs.").  The court

6  therefore DISMISSES Mr. Johnson's complaint on this ground.

7      Second, Mr. Johnson fails to state a claim because the factual allegations in his

8  complaint fail to meet minimum pleading requirements.  The court construes Mr.

9  Johnson's complaint as pleading claims for hostile work environment and wrongful

10  termination under Title VII of the Civil Rights Act of 1964.[3]  Title VII provides in

11  relevant part that "[i]t shall be an unlawful employment practice for an employment

12  agency to . . . discriminate against[] any individual because of his race, color, religion,

13  sex, or national origin."  42 U.S.C. § 2000e-2(b).  Below, the court provides the relevant

14  legal standards and considers the sufficiency of Mr. Johnson's allegations.

15      To establish a prima facie case for hostile work environment, Mr. Johnson must

16  plead facts which, if taken as true, plausibly suggest each of the following:  (1) he was

17  "subjected to verbal or physical conduct" because of his race, color, religion, sex, or

18  national origin; (2) "the conduct was unwelcome"; and (3) "the conduct was sufficiently

19  severe or pervasive as to alter the conditions of [his] employment and create an abusive

20  //

21      [3] In construing Mr. Johnson's complaint as pleading claims for hostile work environment
    and wrongful termination under Title VII, the court does not mean to limit Mr. Johnson's ability
22  to plead other claims in his amended complaint.

1  work environment." *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002).  To the

2  extent Mr. Johnson's claim is premised on a former co-worker's alleged hostilities, he

3  must also show that the VA "knew or should have known about" the harassment and

4  "fail[ed] to take immediate corrective action." *Fried v. Wynn Las Vegas, LLC*, 18 F.4th

5  643, 647 (9th Cir. 2021).

6       To state a claim for wrongful termination, Mr. Johnson must plead facts which, if

7  taken as true, plausibly suggest each of the following:  (1) he was a member of a

8  protected class; (2) he was qualified for his position and performing his job satisfactorily;

9  (3) that he experienced an adverse employment action (i.e., was discharged); and (4) that

10  similarly situated individuals outside of the protected class were treated more favorably

11  than Mr. Johnson or that other circumstances surrounding his termination give rise to an

12  inference of discrimination.  *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th

13  Cir. 2020); *see also Tipaksorn Tungjunyatham v. Johanns*, 500 F. App'x 686, 689 (9th

14  Cir. 2012).

15       Mr. Johnson falls well short of stating a claim for hostile work environment or

16  wrongful termination under Title VII.  The complaint is silent as to whether Mr. Johnson

17  belongs to a protected class, and Mr. Johnson pleads no factual allegations related to his

18  race, color, religion, sex, or national origin.  (*See generally* Compl.)  He also fails to

19  plead any facts suggesting that (1) the VA knew or should have known about the alleged

20  hostile work environment his former co-worker created; (2) he was performing his job in

21  a satisfactory manner; or (3) that similarly situated individuals outside of Mr. Johnson's

22  protected class were treated more favorably or that other circumstances surrounding his

1    termination give rise to an inference of discrimination.  (*See generally id.*)  The court

2    therefore DISMISSES Mr. Johnson's complaint on these grounds.

3           When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff

4    leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in

5    the complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  In light of the

6    Ninth Circuit's liberal policy favoring amendment, the court GRANTS Mr. Johnson

7    leave to file an amended complaint.  If he does so, he must name Denis R. McDonough,

8    Secretary of Veterans Affairs, as the sole defendant.  He must also include short, plain

9    statements setting forth:  (1) the legal basis for his claim(s); (2) exactly what the VA did

10   or failed to do and when that conduct occurred; (3) how the VA's actions or inactions are

11   connected to his legal claims (i.e., how he was discriminated against); and (4) the specific

12   injury or injuries he suffered as a result of the VA's conduct and when he suffered it.  Mr.

13   Johnson shall file his amended complaint, if any, by no later than **August 21, 2024**.  The

14   court warns Mr. Johnson that his failure to timely comply with this order or to file an

15   amended complaint that remedies the deficiencies discussed in this order will result in the

16   dismissal of his case with prejudice and without leave to amend.

17   **B.      Motion to Appoint Counsel**

18          The court next considers Mr. Johnson's motion to appoint counsel. The court has

19   reviewed Mr. Johnson's motion and exercises its discretion to DENY it.

20          Generally, a civil litigant has no right to counsel.  *See Campbell v. Burt*, 141 F.3d

21   927, 931 (9th Cir. 1998).  The court "may," however, "request an attorney to represent

22   any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Ninth Circuit has

1    instructed district courts to appoint counsel for indigent civil litigants if "[e]xceptional

2    circumstances exist." *See Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 925

3    (9th Cir. 2017). "When determining whether 'exceptional circumstances' exist, a court

4    must consider 'the likelihood of success on the merits as well as the ability of the

5    [litigant] to articulate his claims *pro se* in light of the complexity of the legal issues

6    involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v.*

7    *Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive

8    and instead must be viewed together." *Id.*

9         The first consideration, Mr. Johnson's likelihood of success on the merits, does

10   not favor a finding of "exceptional circumstances." The EEOC determined that Mr.

11   Johnson failed establish any unlawful discrimination or retaliation (*see* EEOC Dec. at 2),

12   and he has come no closer to doing so with his present complaint (*see generally* Compl.).

13   Although Mr. Johnson may be able to remedy his complaint, the court finds that his

14   likelihood of success on the merits, at least at this time, is low.

15        The second consideration, Mr. Johnson's ability to articulate his claims in light of

16   the complexity of the legal issues involved, is neutral. On the one hand, Mr. Johnson has

17   difficulty articulating his claims. (*See generally id.*) On the other hand, the issues in this

18   case are not very complex; the court has outlined the elements Mr. Johnson must satisfy

19   to make out prima facie claims for hostile work environment and wrongful termination,

20   and all he must do to state a claim is provide simple, factual sentences establishing each

21   of those elements.

22   //

1    Taking these considerations together, the court finds that this is not an exceptional

2   case warranting appointment of counsel.  The court therefore DENIES Mr. Johnson's

3   motion to appoint counsel without prejudice to filing a renewed motion after he files his

4   amended complaint.

5                           IV.    CONCLUSION

6    For the foregoing reasons, the court DISMISSES Mr. Johnson's complaint (Dkt.

7   # 5) without prejudice and with leave to amend.  Mr. Johnson shall file his amended

8   complaint, if any, by no later than **August 21, 2024**.  If Mr. Johnson does not timely file

9   an amended complaint that addresses the deficiencies identified in this order, the court

10  will dismiss this action with prejudice.  The court DENIES Mr. Johnson's motion to

11  appoint counsel (Dkt. # 6).

12    Dated this 31st day of July, 2024.

13

14                                    JAMES L. ROBART
                                      United States District Judge

15

16

17

18

19

20

21

22

ORDER - 10